■ In the Matter of LARKFIELD EQUITIES, INC., Respondent, against EDWARD P. LARKIN et al., Constituting the Town Board of the Town of Hempstead, Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Town Board of the Town of Hempstead which denied an application for: (1) a gasoline storage permit, and (2) a special exception to authorize the petitioner to conduct a public garage and gasoline filling station on premises described in the petition, the Town Board appeals: (1) from an order of the Supreme Court, Nassau County, entered November 3, 1958, annulling the board's determination and directing it to grant the exception and to issue the required permits; and (2) from an order of the same court entered the same date, denying the Town Board's motion to dismiss the petition for insufficiency. Order annulling determination and directing the granting of the exception and the issuance of the permits, modified by striking out the ordering paragraphs and by substituting therefor the following provisions: (1) a provision permitting the Town Board to serve an amended answer containing, as prescribed by statute (Civ. Prac. Act, § 1291), such facts as may be pertinent and material to show the grounds of the action taken by it which is complained of; (2) a provision permitting the Town Board to serve and submit with such answer affidavits, made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle it to a trial of any issue of fact; and (3) a provision permitting the petitioner, on the service of such papers by the board, to renotice the matter for a hearing on the merits, or, if such papers shall not be served within 20 days after service of a copy of the order to be entered hereon, with notice of entry, permitting petitioner to apply for appropriate relief to the Special Term (Civ. Prac. Act, §§ 1293, 1297). As so modified, order is affirmed, without costs. Although the original answer submitted by the Town Board did not comply with the provisions of the statute (Civ. Prac. Act, § 1291), it was served apparently under the erroneous impression that compliance with such provisions was not necessary in a proceeding to review a determination made by a Town Board. Under the circumstances, we believe that an opportunity should be afforded the Town Board to comply with the statute, so that the question presented may be determined on the merits. (Cf. *Matter of Lemir Realty Corp.* v. *Larkin*, 8 A D 2d 970.) The appeal from the order denying the Town Board's motion to dismiss the petition for insufficiency, having been abandoned, is dismissed, without costs. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.